UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STACY D. CUTSHALL, # 342700 | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-154 |
| | ) | |
| STEVE BURNS, NEAL MATTHEWS, | ) | |
| SHERRY SAURSE, STACY LAWING, | ) | |
| and SUSAN CHRISTIE | ) | |

## MEMORANDUM and ORDER

Stacy D. Cutshall, a state prisoner now housed in the Greene County Detention Center [GCDC], brings this *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983 against the Greene County Sheriff; the Jail Administrator, a jailer, and two health care providers at the GCDC. The plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of the plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to

the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

## I. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).  If so, this suit (or individual defendants or claims against them) must be dismissed.

## II. The Plaintiff's Allegations

The plaintiff asserts the following claims in his complaint.  Each will be discussed separately.

1. <u>Claims Against Certain Defendants</u>

At the outset, there are problems with two of the defendants.  The plaintiff has named Sheriff Steve Burns and Jail Administrator Neal Matthews as defendants.  However, none of the allegations made in the complaint relates to these defendants.  Absent some contention of wrongdoing against Sheriff Burns and Jail

---

[1] Payments should be mailed to:  Clerk's Office, USDC
  220 West Depot Street, Ste. 200
  Greeneville, TN 37743.

Administrator Matthews, the plaintiff fails to state claims against them. For this reason, defendants Burns and Matthews are **DISMISSED** from this lawsuit.

2. Medical Claim

According to the complaint, the plaintiff has been under the care of a psychiatrist for seven years, but while he has spoken once with a psychologist, he has yet to receive help from a psychiatrist during the five months he has been incarcerated in the GCDC. He has discussed these issues with defendants Susan Christie and Sherry Saurse—each is an R.N. at the GCDC–but neither defendant has tried to help him.

The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A prisoner has a right to medically-necessary psychological treatment under the Eighth Amendment. *Clark-Murphy v. Foreback*, 439 F.3d 280, 293 (6th Cir. 2006). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The plaintiff alleges that he has been in severe mental anguish for five months and that, on one occasion, he had a panic attack (as alleged in the next claim). Assuming, without finding, that the plaintiff's symptoms constitute a serious medical need, *see Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991) (finding that physical pain and mental anguish suffered during the time a prisoner is denied medical

treatment may violate Eighth Amendment), the plaintiff must still show deliberate indifference on the part of the defendants, which he has not done.

Here, the plaintiff acknowledges that he saw John McKee, a psychologist with Frontier Mental Health; that he signed a medical release form to obtain his medical records from Indian Path Pavilion Psychiatric Hospital; and that he discussed the issue [of seeing a psychiatrist?] with two defendant nurses. Being seen by a psychologist rather than the psychiatrist one prefers does not constitute deliberate indifference on the part of the defendant nurses. *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981) (finding that "]t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice"). These allegations fail to state a claim entitling the plaintiff to relief under § 1983.

3. <u>Excessive Force</u>

In this claim, the plaintiff maintains that, "awhile ago," he was called out of his cell to the vestibule where he tried to get officers to help him with a panic attack he was experiencing and, though he did not threaten them in any way, he was sprayed with pepper spray in the face by defendant officer Stacy Lawing. This claim will be allowed to advance against defendant Lawing. *Norton v. City of Marietta, OK.*, 432 F.3d 1145, 1154 (10th Cir. 2005) ("Pepper spray is an instrument with which prison officers wield their authority or force, and thus its use implicates the excessive use of force.") (citation omitted); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 ( 6th Cir. 1995) (an inmate's allegation that he was subjected to an unprovoked attack by prison guards states a claim under § 1983).

4. Confinement Conditions

His third and final claim is that he is sleeping on the floor on a mattress less than two inches thick, which he finds very painful and inhumane. Jail conditions which involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Restrictive or even harsh, overcrowded conditions do not violate the Eighth Amendment unless they deprive a prisoner of the minimal civilized measure of life's necessities. *Id.*, at 347.

While the plaintiff may have been subjected to some discomfort by sleeping on the floor on a thin mattress, he does not allege that he was denied basic human needs such as food, warmth, shelter or sanitation as a result of his sleeping arrangement. Having failed to allege the deprivation of a single, identifiable human need to sustain his claim of sleeping on the floor, he fails to state a claim for unconstitutional conditions of confinement. *See Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D.Ind. 1999) (finding that sleeping on a mattress on the floor does not infringe a prisoner's right under the Eighth Amendment).

For the reasons set forth above, plaintiff's complaint against defendants Steve Burns, Neal Matthews, Sherry Saurse and Susan Christie is **DISMISSED**. The Clerk is **DIRECTED** to send the plaintiff a service packet for defendant Lawing. (The packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of this Order. The plaintiff is forewarned that failure to

return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. The defendant is **ORDERED** to respond to the plaintiff's pleading in the manner and within the time required by the Federal Rules of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE